**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

v.   Case No. 6:13-cr-188-Orl-37KRS-4

REGINAL LURON GROSS

        Defendant.

**ORDER**

This matter is before the Court on its own motion.

On September 8, 2015, pursuant Local Rule 2.02, attorney L. Mickele' Daniels ("**Mr. Daniels**") was specially admitted to this Court *pro hac vice* to represent Defendant in this criminal action. (Doc. 213.) However, on **May 2, 2016**, in Case No. 57321, the Board of Disciplinary Appeals Appointed by the Supreme Court of Texas ("**Texas Disciplinary Board**") suspended Mr. Daniels's license to practice law in the state of Texas ("**Suspension Order**"). In the Suspension Order, the Texas Disciplinary Board: (1) prohibited Mr. Daniels from holding himself out as a lawyer or attorney; (2) required Mr. Daniels to notify the judges of each and every court in which he had a matter pending; and (3) required Mr. Daniels to notify all his clients of his suspension. The Court takes judicial notice of the Suspension Order.

Local Rule 2.04(c) requires all specially admitted counsel to notify the Clerk of Court in the event that their privilege to practice law is revoked or suspended for any reason. Notwithstanding—and directly contrary to—the Suspension Order and Local Rule 2.04(c), Mr. Daniels failed to advise the Court and Defendant of his suspension, despite having clear opportunity to do so.

Additionally, subsequent to the Suspension Order, Mr. Daniels continued to hold himself out as an attorney and filed several motions seeking affirmative relief in this action ("**Motions**"). (Docs. 254, 256, 258, 261.) Specifically, Mr. Daniels requested a continuance of Defendant's sentencing on the ground that it conflicted with criminal proceedings for other clients in Texas. As Mr. Daniels was expressly prohibited from appearing as counsel in any proceeding in Texas after May 2, 2016, these representations were demonstrably false.

Mr. Daniels also failed to advise the Government of his suspension. Indeed, in conferring with the Government regarding the relief requested in his Motions, Mr. Daniels misrepresented or failed to disclose the facts to secure the Government's cooperation.

On May 23, 2016, Mr. Daniels appeared before the Undersigned to represent Defendant at his sentencing, at which time the Undersigned addressed the Suspension Order on the record and admitted the Suspension Order and a related petition for compulsory discipline as Court exhibits. (*See* Doc. 263.) Mr. Daniels acknowledged his lack of candor in open court.

As previously intimated by the Court, Mr. Daniels's actions also violate the Florida Rules of Professional Conduct. Consequently, the Court *sua sponte*: (1) continued the sentencing; (2) removed Mr. Daniels as counsel of record; (3) suspended Mr. Daniels's privilege to practice *pro hac vice* in this Court; (3) appointed Tom Dale as counsel for Defendant pursuant to the Criminal Justice Act; (4) referred the matter to the Middle District of Florida Grievance Committee for investigation; (5) referred the matter to the United States Attorney for the Middle District of Florida for criminal investigation; and (6) advised Mr. Daniels of his *Miranda* rights in the event that his conduct constitutes a

violation of federal law. (*Id.*) Additionally, the Court will direct the Clerk to provide a copy of this Order to the Texas Disciplinary Board and the Supreme Court of Texas.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's sentencing is **CONTINUED** for a period of sixty (60) days to be reset upon special notice.

2. Defense counsel, L. Mickele' Daniels, is **TERMINATED** as counsel for Defendant.

3. Tom Dale is **APPOINTED** as counsel for Defendant pursuant to the Criminal Justice Act.

4. Pursuant to Local Rule 2.04(a), the Court **REFERS** this matter to the Chairman of the Grievance Committee for the Orlando Division of the Middle District of Florida for investigation.

5. The Court also **REFERS** this matter to the United States Attorney for the Middle District of Florida for investigation of any criminal violations.

6. The Clerk is **DIRECTED** to provide a copy of this Order, the Clerk's Minutes (Doc. 263), the Suspension Order, and related documents to: (1) the Local Grievance Committee; (2) Lee Bentley, U.S. Attorney for the Middle District of Florida; (3) the Board of Disciplinary Appeals Appointed by the Supreme Court of Texas; and (4) the Supreme Court of Texas.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 23, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Drew Sorrell, Chairman of the Local
Grievance Committee

Lee Bentley, U.S. Attorney for the
Middle District of Florida

Board of Disciplinary Appeals Appointed
by the Supreme Court of Texas

The Supreme Court of Texas