UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re: L. Mickele Daniels          Case No: 6:13-cr-188-Orl-37KRS-4

_____/

**Report and Recommendation of the Grievance Committee**
**Re: L. Mickele Daniels**

This matter having come before this Committee upon the May 23, 2016, referral of the Honorable Roy B. Dalton, Jr. (Doc. 264), the Committee reports and recommends as follows:

United States District Judge Dalton directed this Committee to review the actions of L. Mickele' Daniels ("**Mr. Daniels**"), an attorney formerly admitted *pro hac vice* to practice before the Middle District of Florida. Specifically, Judge Dalton referred this matter to the Grievance Committee for investigation because he determined that Mr. Daniels had failed to comply with Local Rule 2.04(c) and had also violated the Florida Rules of Professional Conduct.

In that regard, on September 4, 2015, attorney Robert E. Taylor, Jr.[1], filed a *Motion for Admission Pro Hac Vice*, and *Written Designation and Consent to Act*, on behalf of L. Mickele Daniels in the matter of *United States of America v. Reginal Luron Gross*, case number 6:13-CR-188-ORL-37KRS-4 (Doc. 212). On September 8, 2015, the Court entered an order permitting Mr. Daniels to appear *pro hac vice* to represent defendant Gross (Doc. 213), and between May 10, 2016 and May 20, 2016, Mr. Daniels filed several motions seeking affirmative relief in this action. (Docs. 254, 256, 258, and 261).

---

[1] Mr. Taylor's actions have not been called into question before this Committee.

1

On May 23, 2016, Judge Dalton suspended Mr. Daniels's privilege to practice *pro hac vice* in this Court and removed him as counsel in the case after learning that on May 2, 2016, the Texas Board of Disciplinary Appeals ("BODA") had suspended Mr. Daniels's license to practice law in the state of Texas. To that point, Mr. Daniels failed to notify the court of his suspension as required by Local Rule 2.04(c) (and analog Florida Bar rules) and subsequent to such suspension continued to file motions seeking affirmative relief. Additionally, Mr. Daniels failed to advise the prosecutor and the defendant, Mr. Gross, of his suspension, even though there was no evidence to suggest he could not have done so.

In reaching the below recommendation, the Committee reviewed Judge Dalton's order dated May 23, 2016, the transcript of the May 23, 2016 hearing, and the BODA *Interlocutory Order of Suspension* including the exhibits in that cause (No. 57321). In addition, one Committee member reviewed the videotaped BODA proceeding and learned that Mr. Daniels had received additional discipline in the state of Texas prior to his 2016, discipline and furthermore, had not been candid in his testimony before BODA about his prior discipline in that Texas proceeding as determined by BODA. As part of the review of the BODA order, the Committee has reviewed the BODA findings of fact and conclusions of law, as well as the judgments rendered in these prior Texas disciplinary matters. A member of the Committee has also spoken with a representative of the Texas Bar regarding the status of such matters.

Mr. Daniels was provided an opportunity to provide a written statement to this Committee and of which opportunity he availed himself. The Committee reviewed Mr.

00999980.01093103210380v1

Daniels's written statement. Mr. Daniels's attorney (who only represents Mr. Daniels for the Texas proceedings) also provided some information for Mr. Daniels's benefit.

The Committee finds the information provided by Mr. Daniels and for his benefit unavailing in that it fails to disprove, excuse or mitigate Mr. Daniels's conduct. After discussion and review of all of the materials, it was the unanimous opinion of the Committee that Mr. Daniels's conduct fell below the standards of professionalism expected of attorneys who practice before the Middle District of Florida and violates the Rules of the Middle District. Mr. Daniels's failure to notify his client and opposing counsel of his suspension, as well as his failure to comply with Local Rule 2.04(c) and immediately advise the Court of his suspension all the while continuing to file motions and seek relief, reveal a deliberate intent to deceive the Court and others concerning Mr. Daniels's authorization to practice law in the state of Texas and, therefore, the Middle District of Florida. Again, no countervailing information was provided or came to light that disproves, excuses or mitigates Mr. Daniels's actions/inaction.

ACCORDINGLY, it is the recommendation of this Committee:

1) that Mr. Daniel's be permanently barred from practicing in the Middle District of Florida;

2) that this report and recommendation be reported to the Florida Bar for its consideration and further action as appropriate; and,

3) that this report and recommendation be reported to the State Bar of Texas for its consideration and further action as appropriate.

This report and recommendation will be filed in the docket of this matter and a copy provided to the Chief Judge of the Middle of District of Florida. The Committee requests that the Clerk serve a copy of this report and recommendation on the Florida and Texas Bars should the Chief Judge or Judge Dalton so order.

Respectfully submitted on this 9th day of November 2016.

_____
Drew Sorrell
Chair
Grievance Committee
United States District Court
Middle District of Florida