UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                                                  Case No. 6:13-cr-188-RBD-LHP

REGINALD LURON GROSS
_____

ORDER

Before the Court is the *pro se* Defendant Reginald Luron Gross's second motion for sentence reduction under Amendment 821, construed as a motion for early termination of supervised release. (Doc. 343.) Also before the Court are Gross's motion to appeal in forma pauperis the Court's denial of his first Amendment 821 motion (Doc. 347) and U.S. Magistrate Judge Leslie Hoffman Price's Report and Recommendation ("R&R") on that motion (Doc. 349). Both motions are due to be denied, and the R&R is due to be adopted in full.

BACKGROUND

Gross pled guilty to conspiracy to possess with intent to distribute and distribution of drugs. (Doc. 243.) In 2016, Gross was sentenced to 135 months in prison and a supervised release term of five years. (Doc. 282.)

Under a Retroactive 2023 Criminal History Guideline Amendment Assessment, Gross was deemed eligible for a reduced sentence of 108 months. (Doc. 336.) At the time, Gross's projected release date was March 17, 2024, and the

proposed reduction made him eligible for release on February 1, 2024. (*Id.* at 3.) While the Federal Defender was appointed for Amendment 821 proceedings, a motion for sentence reduction was not filed, so Gross was released from prison on schedule on March 15, 2024. (*See* https://www.bop.gov/inmateloc/ (last visited Aug. 18, 2025)).

In November 2024, while on supervised release, Gross filed a *pro se* motion for sentence reduction under Amendment 821. (Doc. 338.) In April 2025, the Court denied the motion as moot because he was no longer in prison. (Doc. 342.)

Six days later, Gross—apparently not having seen the Court's denial—filed a second 821 motion, claiming he was unaware of the status of his first motion and seeking the same sentence reduction. (Doc. 343.) Because Gross is not in prison, the Court will construe this second motion as a motion for early termination of supervised release. (*See* Doc. 350); U.S. Sentencing Guidelines ("U.S.S.G.") § 1B1.10(b)(2)(C). The Government responded in opposition (Doc. 352), and Gross replied (Doc. 353).

In May 2025, Gross also moved to appeal in forma pauperis the denial of his first 821 motion. (Doc. 347.) Judge Hoffman Price issued an R&R recommending that the motion be denied as not being taken in good faith because there is no term of imprisonment for the Court to reduce. (Doc. 349.) The time has passed and there are no objections. The matters are ripe.

## STANDARDS AND ANALYSIS

### I. Motion for Early Termination of Supervised Release

Gross argues that he is entitled to early termination of his supervised release because has been fully compliant, engaged in a variety of rehabilitative efforts in prison, is employed, and is a family caretaker. (Doc. 353.) The Government opposes, arguing that Gross has completed less than eighteen months of his five-year term of supervised release and his Probation Officer says he "has not demonstrated a willingness to go above and beyond the basic conditions of supervision to establish that he is capable of sustained success." (Doc. 282, p. 3; Doc. 352, p. 2.) The Government further argues that Gross is at moderate risk of reoffending and his risk level has not decreased since his release from prison. (Doc. 352, p. 2.) The Government notes that Gross's present term of supervised release would have been appropriate in connection with his carcerative sentence had it been reduced under the amended guideline range. (*Id.* at 1, n.1.)

Courts may terminate the remainder of a defendant's term of supervised release once the defendant has completed one year and if the 18 U.S.C. § 3553(a) factors support release. *See United States v. Johnson*, 877 F.3d 993, 996 (11th Cir. 2017); 18 U.S.C. § 3583(e)(1). The § 3553 factors courts must consider include the nature and circumstances of the offense, deterrence, protecting the public from future crimes of the defendant, and the need to provide restitution. *See* 18 U.S.C.

§ 3583(e)(1); *id.* § 3553(a)(1), (a)(2)(B)–(C), (a)(7).

U.S.S.G. § 1B1.10(b)(2)(C) provides, "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." But if the prohibition in subsection (b)(2)(C) precludes a reduction in a defendant's term of imprisonment, "the court may consider any such reduction that it was unable to grant in connection with any motion for early termination of a term of supervised release under 18 U.S.C. § 3583(e)(1)." U.S.S.G. § 1B1.10, Application Note 8(B). But "the fact that a defendant may have served a longer term of imprisonment than the court determines would have been appropriate in view of the amended guideline range . . . shall not, without more, provide a basis for early termination of supervised release." *Id.* When considering such a motion, "the court should take into account the totality of the circumstances relevant to a decision to terminate supervised release, including the term of supervised release that would have been appropriate in connection with a sentence under the amended guideline range." *Id.*

Here, though Gross's rehabilitative success while incarcerated and under supervised release is laudable (*see* Doc. 353), the § 3553 factors do not warrant early termination. *See United States v. Reagan*, 162 F. App'x 912, 914 (11th Cir. 2006) (stating that rehabilitation and reintegration were not the only goals Congress had in mind for supervised release). In 2016, Gross pled guilty to conspiracy and

distribution of drugs. (Docs. 239, 243.) While the Court commends Gross's current compliance with the terms of his supervision, compliance is the expectation, not a reason for termination. The admitted facts show that Gross was a distributor in a conspiracy involving large quantities of methamphetamine and cocaine. (Doc. 243, pp. 21–24.) Even though he was eligible for a reduction of his sentence of imprisonment under Amendment 821 that he never got, that does not change the seriousness of his offense and the opposition from the Government and his Probation Officer. So Gross's motion for early termination of his supervised release is due to be denied.

## II.   Motion to Appeal IFP

Judge Hoffman Price's R&R submitted that the Court should deny Gross's motion to appeal in forma pauperis his first Amendment 821 motion (Doc. 347). (Doc. 349.) The time has passed and there were no objections, so the Court examines the R&R for clear error only. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, it is due to be adopted in its entirety.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Gross's motion for early termination of supervised release (Doc. 343) is **DENIED**.

2. The R&R (Doc. 349) is **ADOPTED AND CONFIRMED** and made a

        part of this Order in its entirety.

    3.    Gross's motion to appeal in forma pauperis (Doc. 347) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 18, 2025.

ROY B. DALTON, JR.
United States District Judge